## 58059. WILLIAMS v. COLUMBUS, GEORGIA.

QUILLIAN, Presiding Judge.

This appeal involves an action to recover damages because of plaintiff's alleged wrongful discharge. The defendant answered the complaint and filed a motion to dismiss. The trial judge in ruling on the motion to dismiss recited in his order "Upon consideration of the case, and with due regard to the facts and evidence before the Court, the Court hereby finds that the Plaintiff failed to exhaust the administrative remedies provided for consideration of her grievance and that the Motion to Dismiss brought forth by the Defendant should be granted." *Held:*

CPA § 12 (b) (Code Ann. § 81A-112 (b); Ga. L. 1966, pp. 609, 625) provides: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court the motion shall be treated as one for summary judgment and disposed of as provided in Section 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Section 56." Since the order in the case sub judice recites a consideration of evidence we treat such as tantamount to ruling on a motion for summary judgment. See *Newsrack Supply, Inc. v. Heinle,* 127 Ga. App. 843 (1) (195 SE2d 193); *Capes v. Morgan,* 235 Ga. 1, 4 (218 SE2d 764).

We are constrained to reverse because of a procedural ground. In *Riverhill &c. Assn. v. Bd. of Commrs.,* 236 Ga. 856, 859 (6) (226 SE2d 54) it was held: "Plaintiffs were entitled to notice of conversion of a motion to dismiss into a motion for summary judgment and 30 days to respond to such motion." Accord, *Jaynes v. Douglas,* 147 Ga. App. 678, 679 (250 SE2d 14); *Atlanta Assoc. v. Westminister Properties,* 242 Ga. 462, 464 (249 SE2d 252). The record here is void of any notice or a showing that the plaintiff waived such notice. Since the plaintiff was entitled to notice that the motion was being treated as one for summary judgment, it was error to render judgment in favor of the defendant. *Peachtree-Piedmont Assoc. v. Tower Place Billjohn, Inc.,* 150 Ga. App. 292 (2).

*Judgment reversed. Smith and Birdsong, JJ.,*

*concur:*

SUBMITTED JULY 9, 1979 — DECIDED
SEPTEMBER 12, 1979.

*James A. Elkins, Jr.,* for appellant.
*Lennie F. Davis, Thomas N. Austin,* for appellee.