## A89A0940. STATE OF GEORGIA v. U. S. OIL COMPANY, INC.
### (389 SE2d 498)

BENHAM, Judge.

This is an interlocutory appeal from the denial of appellant's motions for judgment on the pleadings and summary judgment in appellee's suit alleging breach of a contract to sell regular grade gasoline to agencies of the State of Georgia. Finding that appellant was entitled to judgment as a matter of law, we reverse the denial of its motion for summary judgment.

Appellant issued invitations to bid for contracts to supply petroleum products to state agencies. The terms of the proposed contracts provided that they would be non-exclusive, that is, that the contracts were for the convenience of the State and that the State could purchase like goods from other vendors. Appellee submitted a bid for the contract to provide regular grade gasoline, but in a portion of the bid denominated "Exceptions," it specified that its offer was contingent on a requirement that the State buy all of the specified product from it. The State subsequently notified appellee that it had been awarded the contract and delivered an executed copy of the contract to an agent of appellee. The contract, which still contained the non-exclusivity provision, was performed by appellee for several months without comment regarding the non-exclusivity language. Then, apparently concerned about the effect of that language, appellee sought assurance from appellant that the contract actually required the State to buy all its requirements of regular grade gasoline from appellee. In response, an employee of appellant's Department of Administrative

Services (DOAS) wrote two letters giving just such assurances. Subsequently, because of decreases in the price of gasoline, appellant began purchasing premium grade gasoline from other sources instead of the regular grade gasoline it had contracted to buy from appellee. This suit was brought for breach of that contract.

Appellant relies on the plain language of the contract which permits it to purchase gasoline elsewhere. Appellee argues, however, that the contract must be read to be consistent with its bid because the bid was expressly made contingent on a requirement that the State buy all of its regular grade gasoline from appellee. The effect of that contingency, appellee insists, is to prevent a contract from coming into being unless the terms of the contract were consistent with the bid. We find that basic principles of contract law require a conclusion contrary to appellee's position. Where one party makes an offer and the other party purports to accept that offer, but with material changes in the terms, the second party has made a counteroffer which, if accepted, constitutes a contract between the parties. *Frey v. Friendly Motors*, 129 Ga. App. 636, 637 (200 SE2d 467) (1973). Performing under the contract constitutes acceptance of the offer. *Classic Restorations v. Bean*, 155 Ga. App. 694 (5a) (272 SE2d 557) (1980). It is clear, therefore, as a matter of law, that appellee, by performing under the contract, accepted appellant's counteroffer and entered into a contract with appellant which provided that appellant had the right to buy like goods elsewhere.

Appellee has insisted throughout this litigation that it relied on the statement of a DOAS employee that the contract required the State to purchase all its regular grade gasoline from appellee. However, appellee has not advanced and we have not found any valid basis for the asserted reliance. First, the letters contain nothing which purports to be a modification of the contract; they are clearly the expression of an opinion concerning the legal effect of the existing contract. Second, if the letters were to be considered as an attempt to modify the contract, the modifications would be invalid as a matter of law. Contracting procedures for the State of Georgia are controlled by statute. OCGA § 50-5-50 et seq. There is no provision in the statute for any state employee to have the power to unilaterally modify existing contracts. Persons dealing with a public officer must take notice of the extent of the officer's powers. *Wood v. Puritan Chemical Co.*, 178 Ga. 229 (1) (172 SE 557) (1934). Appellee may not rely on an estoppel theory with regard to the letters interpreting the contract since the public may not be estopped by the acts of any officer done in the exercise of an unconferred power. *Arneson v. Bd. of Trustees &c. of Ga.*, 257 Ga. 579 (1b) (361 SE2d 805) (1987).

Since the contract as executed by the parties gave appellant the right to act as it has, and that contract has not been modified, appel-

lee's claim against appellant for breach of contract fails as a matter of law. Appellant was, therefore, entitled to judgment as a matter of law and the trial court erred in denying appellant's motion for summary judgment. Having ruled in appellant's favor, we need not address its other grounds for reversal.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 8, 1989 —
REHEARING DENIED DECEMBER 15, 1989 — 

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Verley J. Spivey, William C. Joy, Senior Assistant Attorneys General, Grace E. Evans, Assistant Attorney General,* for appellant.

*Greene, Buckley, Derieux & Jones, John D. Jones, J. Russell Phillips,* for appellee.