A90A1359. HART et al. v. SULLIVAN et al.
(399 SE2d 523)

SOGNIER, Judge.

A complaint was filed by plaintiffs, denominated as "George W. Hart and Hart & Sullivan, P.C.," against Terrance Sullivan, Rush Smith, Jr., Alexander Booth, John Hall, Jr., Elaine Whitehurst, and Michael Frick, the remaining shareholders in the professional corporation, asserting claims, inter alia, for breach of fiduciary duties, tortious interference with contractual relations, RICO violations, and certain equitable matters. Whitehurst and Frick subsequently were voluntarily dismissed from the action. The remaining defendants in their answer specifically challenged the authority of Hart to bring the action on behalf of Hart & Sullivan, P.C. See OCGA § 9-11-9 (a). Defendants moved the court for an order requiring counsel for Hart & Sullivan, P.C. to show proof of authority to act on behalf of the professional corporation, and sought an injunction to prohibit Hart from holding himself out as the professional corporation or as president of the corporation and from interfering with the acts of the corporation. Defendants then filed a motion which was captioned a "motion to dismiss." The first part of the motion pertained to that part of the complaint involving Hart & Sullivan, P.C. and asserted that the professional corporation had not authorized or permitted the action to be brought. In support of this part of the motion, defendants attached an affidavit and document which set forth a resolution passed by the Board of Directors of Hart & Sullivan, P.C. disavowing the giving of any authorization for the bringing of the action by Hart. The second part of the motion was directed to Hart individually and specified that it was for failure to state a claim upon which relief could be granted.

In its order entered on the three motions, the trial court con-

verted defendants' motion to dismiss into a motion for summary judgment, then granted it with respect to all claims brought on behalf of Hart & Sullivan, P.C., on the basis that Hart had no authority to bring the action on behalf of the professional corporation. The trial court denied the motion with respect to claims brought by Hart individually, granted defendants' motion for an interlocutory injunction, and held moot defendants' motion for an order requiring a showing of proof of authority. This appeal was brought solely from that part of the order granting partial summary judgment to defendants.

1. Because appellants were not given the 30 days to respond to the motion for summary judgment under OCGA § 9-11-56, we agree with appellants that the trial court's grant of partial summary judgment to appellees was error. The trial court properly treated the first part of appellees' motion to dismiss as a motion for summary judgment since Hart's authority to initiate the current action on behalf of Hart & Sullivan, P.C. involved a factual determination which could only be resolved by looking to matters outside the pleadings. Upon the trial court's conversion of the motion to one for summary judgment (being the first notice to appellants in the record that the motion was one for summary judgment), however, appellants were then entitled to 30 days to respond to the motion as converted before a ruling was made on the motion, *Williams v. Columbus, Ga.*, 151 Ga. App. 311 (259 SE2d 705) (1979), and the entry of the trial court's order on the summary judgment motion without allowing appellants 30 days to respond was error. Id. As in *Williams*, the record here is devoid of any notice or a showing that appellants waived notice of conversion to a motion for summary judgment.

We find no merit in appellees' arguments that appellants' failure to respond to the "motion to dismiss" as a motion for summary judgment entitled appellees to the grant of partial summary judgment. While courts look to the substance of a pleading rather than its nomenclature in determining its nature, see *Chance v. Planters &c. Coop.*, 219 Ga. 1, 5 (131 SE2d 541) (1963), it would defeat the purpose of the Civil Practice Act as liberally applied by our appellate courts (see *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537, 539 (314 SE2d 903) (1984)) to place the burden on respondents to look beyond the motion as designated by the movant and interpret its "true" nature. A movant's failure to recognize the nature of a motion and title it accordingly can be allowed neither to penalize the respondent who failed to recognize that the motion was misclassified nor to reward the movant whose error resulted in the incorrect designation.

Thus, we do not agree with appellees that the attachment of an affidavit to their motion to dismiss constituted notice to appellants that the motion was to be converted to a motion for summary judgment. OCGA § 9-11-12 (b) provides that "[i]f, on a motion to dismiss

for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to *and not excluded by* the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56." (Emphasis supplied.) Since a trial court is statutorily entitled to exclude from its consideration of a motion to dismiss matters such as affidavits that are attached to the motion to dismiss, until the respondent is notified how the trial court intends to treat the attached material the respondent cannot be certain whether the motion to dismiss will be considered as such or converted into a summary judgment motion. Therefore, until the trial court decides whether to consider or exclude matters outside the pleadings, the mere attachment of an affidavit to a motion to dismiss should not be construed to constitute notice of the conversion of that motion to dismiss into a summary judgment motion. None of the cases cited by appellees supports a contrary result.

We do not agree with appellees that Uniform Superior Court Rule 6.2 supports their argument that the grant of summary judgment in their favor was correct. That rule provides that "each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion." While appellants failed to respond to the motion *to dismiss*, they were not required to respond to the motion *for summary judgment*, by providing opposing affidavits, until the trial court decided to convert the motion to dismiss into a summary judgment motion. Thus, appellants' failure to submit affidavits controverting appellees' affidavit did not entitle appellees to a ruling in their favor.

2. Our holding in Division 1 renders it unnecessary for us to address appellants' remaining enumerations of error.

*Judgment reversed. McMurray, P. J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED NOVEMBER 14, 1990 —
REHEARING DENIED NOVEMBER 28, 1990.

*Cathey & Strain, Dennis T. Cathey, Edward E. Strain III*, for appellants.

*Wildman, Harrold, Allen, Dixon & Branch, Thomas B. Branch III, Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb*, for

appellees.