A91A1386. JONES v. WARD.
(412 SE2d 576)

COOPER, Judge.

Appellant was a construction worker who fell behind in his rent when he was unable to work due to bad weather. Appellant went to

the Fulton County Department of Family & Children's Services ("DFCS") to apply for assistance in paying his rent, and was assigned to appellee, a DFCS caseworker. Appellant contends that after informing appellee that he had received a late rent notice, appellee instructed him to wait until he received a notice of eviction to actually apply for assistance. Upon receipt of an eviction notice, appellant submitted his application for assistance and gave the notice to appellee. Appellant maintains that appellee assured him that DFCS would take care of the eviction notice. Appellant received a second eviction notice, and appellee allegedly repeated assurances that the matter was being handled. Appellee denied making such statements, and ultimately, appellant was evicted. His belongings were placed on the street, where they were stolen.

Appellant brought an action against appellee individually alleging negligence, bad faith and wanton and wilful misconduct for appellee's failure to act to prevent appellant's eviction after she allegedly assumed a duty to intercede on his behalf. Appellant sought damages in the amount of $33,000, the value of his stolen belongings, punitive damages and litigation costs but did not seek retroactive or prospective General Assistance benefits or a review of DFCS's determination regarding his eligibility. In her answer to the complaint, appellee denied the allegations asserted by appellant and raised as affirmative defenses, appellant's failure to state a claim upon which relief could be granted and appellant's failure to exhaust administrative remedies. These defenses were re-asserted in support of appellee's motion to dismiss which relied upon and included the General Assistance Manual (Manual), which contains the rules governing Fulton County's general assistance program. In the motion to dismiss, appellee also argued that she owed no duty to appellant to assist him in avoiding eviction. In his responsive brief to the motion to dismiss, appellant objected to the trial court's consideration of the Manual as a matter outside the pleadings, but requested alternatively, in the event the Manual was considered, that the court also consider supplemental material attached to his brief. Despite appellant's objection, the trial court dismissed the complaint after concluding that consideration of the Manual was proper because the Manual was made a part of the record, and appellant had ample opportunity to respond to appellee's references to the Manual. This appeal followed.

1. Appellant contends the trial court erred in dismissing his complaint because he was not provided notice that appellee's motion to dismiss was being treated as a motion for summary judgment. The motion to dismiss was supported by the Manual, a matter outside the pleadings. "When such matters are considered, 'the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable oppor-

tunity to present all material made pertinent to such a motion by Code Section 9-11-56.' OCGA § 9-11-12 (b). [Cit.]" *Barrett v. Wharton,* 196 Ga. App. 688, 688-689 (396 SE2d 603) (1990). "OCGA § 9-11-56 (c) requires service of a motion for summary judgment on the opposing party at least 30 days before a hearing. [Cit.] Since 'the motion to dismiss was converted to a motion for summary judgment . . . [appellant] was entitled to have the notice requirements of OCGA § 9-11-56 (c) . . . met.' [Cit.]" Id. at 689. Moreover, "[evidence in support of summary judgment] must be filed thirty days before the hearing to be considered on behalf of the movant. [Cit.]" *Lynch v. Ga. Power Co.,* 180 Ga. App. 178 (348 SE2d 719) (1986).

The trial court's order recites that the matter came on for hearing, although neither the order nor the remainder of the appellate record indicate when the hearing was held. Nevertheless, the motion to dismiss was filed on August 16, 1989; it was supplemented with the Manual on August 17, 1989, and thereafter the parties entered into a joint stipulation to extend the time for appellant's response until October 23, 1989. "We view the purpose of the 30-day waiting period required by [OCGA § 9-11-56 (c)] as placing the opposing party on notice as to the material relied upon by the movant in support of his motion so that he might have sufficient opportunity to prepare his response." *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.,* 157 Ga. App. 448 (1) (278 SE2d 40) (1981). Appellant's responsive brief was filed on October 23, 1989. Appellant specifically addressed therein the issues supported by the Manual and filed supplemental materials in opposition, thus demonstrating that appellant had sufficient opportunity to respond as envisioned by the statute. Accordingly, the trial court did not err in considering the Manual and in treating the motion to dismiss as a motion for summary judgment.

2. Appellant also contends the trial court erred in concluding he was not entitled to rely on appellee's alleged assurances that she or DFCS would intercede to prevent an eviction. The trial court found that although appellant sued appellee individually, his allegation related to her performance of official duties as a DFCS caseworker; that when dealing with public agents, each person must take notice of the agent's power at his peril; that appellant mistakenly relied on the type of assistance which appellee could provide; and that appellant could not have relied on powers which appellee, by law, could not have performed. We agree.

Appellant correctly recites the duties of a DFCS caseworker as set forth in the Manual: to dispose of applications in a timely and accurate manner and notify the client of the status of the application, but appellant cites no rule or regulation which authorizes caseworkers to intercede in eviction proceedings or take any other action beyond the processing of an application. In our view, appellee's contention

that appellant was charged with knowledge of the scope of assistance which could be rendered to him as described in the Manual is correct. "Persons dealing with a public officer must take notice of the extent of the officer's powers. [Cit.]" *State of Ga. v. U. S. Oil Co.*, 194 Ga. App. 1, 2 (389 SE2d 498) (1989); OCGA § 45-6-5. Even assuming the promises were made (which appellee denies), appellant was not entitled to rely on such promises as they were beyond the powers conferred upon appellee as described in the Manual. *State of Ga.*, supra. Moreover, the promises would have been based on misrepresentations of law, i.e., promises to perform tasks appellee was not legally authorized to perform, which are not relievable. *Knight v. Dept. of Transp.*, 239 Ga. 368 (4) (236 SE2d 826) (1977).

Appellant argues that appellee's failure to process his application in timely fashion and failure to notify him of the status of the application resulted in his reliance on her representations to his detriment and that such conduct supported a proper claim for negligence against appellee individually. However, the gravamen of the complaint is not negligent processing of an application, but rather alleged misrepresentations by appellee that she would intercede in appellant's eviction. Indeed, appellant abandoned any claim based on appellee's action or inaction in processing his application for general assistance benefits by not exhausting administrative remedies. OCGA §§ 49-4-13; 50-13-19 (a). Furthermore, there is no evidence to indicate that appellant exercised ordinary diligence to prevent the injury of which he complains. See *Williams v. Lockhart*, 221 Ga. 343 (2) (144 SE2d 528) (1965); *Knight*, supra.

Finally, appellant argues that even if appellee did not have a duty to assist him in avoiding eviction as an employee of DFCS, she assumed such a duty individually by virtue of gratuitous promises to act on appellant's behalf which appellee should have realized would induce appellant's reliance. However, this issue, whether appellee assumed a duty to appellant purely as an individual, outside the scope of her employment, is being raised for the first time in this court. Prior to this appeal, in the complaint and in his response to the motion to dismiss, appellant raised this issue of gratuitous promises giving rise to a duty only in the context of appellee's employment by DFCS. Therefore, this contention cannot be considered on appeal. *Venture Design v. Original Appalachian Artworks*, 197 Ga. App. 432 (3) (398 SE2d 781) (1990).

3. Appellant argues that he was not seeking a review of any administrative decision; therefore, the trial court erred in determining, as a basis for dismissing the complaint, that he failed to exhaust administrative remedies. The trial court, by considering the issue of administrative remedies, was viewing the complaint liberally and addressing an arguable claim for lost general assistance benefits;

however, since appellant concedes that he is not seeking to recover general assistance benefits, we need not consider the trial court's determination on this issue because it is not relevant to the claims asserted and relief sought by appellant. Nevertheless, our discussion in Division 2 demonstrates that there was sufficient basis for dismissing appellant's complaint.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 5, 1991.

*Griffin, Cochrane, Marshall & Elger, Alma L. White*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General*, for appellee.