A92A0035. BONNER et al. v. FOX et al.
(420 SE2d 312)

ANDREWS, Judge.

Bonner, Davis and Johnson (appellants) are high school teachers employed by the Fulton County Board of Education (school board). Under a school consolidation plan implemented to reduce the number of high schools, appellants retained their full-time teaching positions, but their supplemental duties for which they received a pay supplement were discontinued because the number of such supplemental positions was reduced by the consolidation. In an administrative action, appellants challenged the loss of the supplemental positions under the Fair Dismissal Act (OCGA § 20-2-940 et seq.) and OCGA § 20-2-1160.

After determinations in the administrative action adverse to appellants were adopted by the school board and affirmed by the State Board of Education, appellants filed an administrative appeal to the Fulton County Superior Court pursuant to OCGA § 20-2-1160 (c). While the administrative appeal was pending, appellants filed the present action against James Fox "in his individual and professional capacity as Superintendent of Schools for Fulton County School

Board," the Fulton County School District, and the school board. The complaint alleges that the consolidation process violated various rights of the appellants; that OCGA § 20-2-1160 unconstitutionally deprived them of a jury trial; and, seeks injunctive relief and damages. The defendants (appellees herein) subsequently filed a motion to dismiss the present action on the basis that the plaintiffs (appellants herein) had failed to exhaust administrative remedies; that a de novo review of these claims was barred, and that all the facts relevant to the claims in the complaint had previously been determined adversely to the plaintiffs in the administrative proceedings. In opposition to the motion to dismiss, the plaintiffs argued in part that the complaint presented claims not addressed in the administrative action.

At a hearing on March 29, 1991, the Superior Court affirmed the previous administrative rulings on the appeal; announced for the first time on the record that it was converting the pending motion to dismiss the present action to a motion for summary judgment; orally granted summary judgment in favor of the defendants; and, directed the defendants to prepare a written order. Without further proceedings, the written order granting summary judgment was signed on April 29 and entered on April 30, 1991. This appeal is from the grant of summary judgment.

In their first enumeration of error, appellants argue that summary judgment was improperly granted without proper notice and opportunity to be heard under OCGA § 9-11-56. Given the trial court's oral conversion of the motion to summary judgment at the hearing and immediate ruling on the motion from the bench, we are constrained to agree that a procedural defect in the award of summary judgment prevents us from reaching the merits of this appeal. Although the trial court may convert a motion to dismiss to a motion for summary judgment (see OCGA § 9-11-12 (b)), where this is done there must be compliance with OCGA § 9-11-56 requiring 30 days notice and an opportunity for a hearing. *Charming Shoppes, Inc. v. Black*, 252 Ga. 207 (312 SE2d 604) (1984); *Royston v. Royston*, 236 Ga. 648, 649-650 (225 SE2d 41) (1976); *Hart v. Sullivan*, 197 Ga. App. 759-760 (399 SE2d 523) (1990). "A respondent to a motion to dismiss is entitled to notice of conversion of the motion into one for summary judgment and to thirty days to respond to the motion for summary judgment unless such notice and opportunity are waived." *Peppers v. Elder*, 248 Ga. 136 (281 SE2d 582) (1981). Since the record does not reflect any such waiver, it was error to render judgment in favor of the defendants. *Fleming v. Caras*, 170 Ga. App. 579 (317 SE2d 600) (1984); *Williams v. Columbus, Ga.*, 151 Ga. App. 311 (259 SE2d 705) (1979). The judgment must be reversed, and the case remanded to provide an opportunity for the opposing party to submit evidence in

opposition to the motion for summary judgment, and for an opportunity for a hearing on the motion. *Royston,* supra at 650.

*Judgment reversed and case remanded. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JUNE 1, 1992 —
RECONSIDERATION DENIED JUNE 26, 1992.

*Zimring & Ellin, Jonathan Zimring, Martin L. Ellin,* for appellants.

*Sutherland, Asbill & Brennan, Judith A. O'Brien, Teresa W. Roseborough,* for appellees.