A95A2407. CARDIN et al. v. OUTDOOR EAST.
(468 SE2d 31)

RUFFIN, Judge.

C. Dewayne Cardin and Cathy Cardin sued Outdoor East for breach of a lease agreement. Outdoor East moved for judgment on the pleadings on the grounds that the lease did not contain a definite description of the property and was not executed by Outdoor East. The trial court granted the motion, and the Cardins appeal from that order. For reasons which follow, we reverse.

The complaint alleges that Outdoor East agreed to lease property

belonging to the Cardins for the purpose of erecting and maintaining an advertising billboard for a period of 18 years. The lease, which was incorporated in the complaint, described the subject property as "I-75." While the lease was executed by the Cardins, it was not signed by Outdoor East.

"[W]hen a motion for judgment on the pleadings is based on the insufficiency of the complaint said motion should not be granted 'unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. . . .' [Cit.]" *Frady v. Irvin*, 245 Ga. 307, 311 (5) (264 SE2d 866) (1980).

Applying this standard to the complaint in this case, we find that the trial court erred in granting Outdoor East's motion. The trial court's order states that "[t]he purported lease upon which [the Cardins'] Complaint is based does not contain a definite description of the property. Also, said purported lease is not executed on behalf of Defendant." However, even if the description were insufficient for uncertainty or vagueness, the taking of actual possession by Outdoor East would have cured the deficiency. *Barto v. Hicks*, 124 Ga. App. 472 (1b) (184 SE2d 188) (1971). See also *Turner Communications Corp. v. Hickcox*, 161 Ga. App. 79 (3) (289 SE2d 260) (1982). Likewise, even if Outdoor East did not sign the lease, it would still be enforceable if Outdoor East partially performed under its terms. OCGA § 13-5-31. See also *Valiant Steel &c. v. Roadway Express*, 205 Ga. App. 237 (3) (421 SE2d 773) (1992). Thus, while the Cardins' complaint "clearly does not state all of the essential elements of a proper cause of action to enforce [the lease], the complaint does *not* disclose with certainty that the [Cardins] would not be entitled to relief under any state of provable facts." *Frady*, supra at 312. Accordingly, the trial court's order granting judgment in favor of Outdoor East must be reversed.

*Judgment reversed. Pope, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I agree that the court below must be reversed, but for a different reason. In addition to the matters referred to in the majority opinion, the court's order states: "Partial payment in this case does not except the contract from the statute of frauds." Although the lease itself had been incorporated in the unverified complaint as an alleged lease, partial payment concerns a factual contention not raised in the pleadings. When such extraneous matters are considered, a motion on the pleadings must be treated as one for summary judgment under OCGA § 9-11-56. OCGA § 9-11-12 (c); *Baker v. Wulf*, 173 Ga. App. 674, 675 (327 SE2d 796) (1985).

However, the court below gave no indication that it would treat the motion as one under OCGA § 9-11-56, either before, during, or after the hearing on the motion. Until it produced its order there was no indication that the court would consider matters outside the pleadings. While the court could treat the motion as one under OCGA § 9-11-56, when doing so "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56." OCGA § 9-11-12 (c); *American Car Rentals v. Walden Leasing,* 215 Ga. App. 621, 622 (451 SE2d 537) (1994). This includes the requirement of 30 days' notice of the hearing on the motion for summary judgment. OCGA § 9-11-56 (c); *American Car Rentals,* supra. Outdoor East moved for judgment on the pleadings on March 20, 1995, a hearing was conducted on April 26, 1995, and the court's order was entered on May 22, 1995.

While the motion for judgment on the pleadings was filed more than 30 days before the hearing, it did not rest upon any matters outside the pleadings, relying only upon the lease and the law. Therefore, the motion itself did not serve as notice that the motion would be considered as one for summary judgment. Compare *Jones v. Ward,* 201 Ga. App. 757, 758-759 (1) (412 SE2d 576) (1991); see also *Hart v. Sullivan,* 197 Ga. App. 759, 760-761 (1) (399 SE2d 523) (1990) (physical precedent only). As the Cardins were given no notice of OCGA § 9-11-56 treatment, they were deprived of any reasonable opportunity to present material appropriate to a summary judgment motion. See *Samuelson v. Lord, Aeck & Sergeant, Inc.,* 205 Ga. App. 568, 573 (3) (423 SE2d 268) (1992). The amount of time they had to respond to a motion on the pleadings is irrelevant; it is notice of treatment under OCGA § 9-11-56 that controls.

Had the court informed the parties it would consider matters outside the pleadings, evidence on issues such as the signature of Outdoor East's "witness," possession, surveys, payment history, and other factual matters that the parties now refer to in their briefs could have been gathered and presented. Although the court had the power to consider matters outside the pleadings, doing so without providing a reasonable opportunity to present evidentiary materials requires reversal. *Jim Altman Ins. v. Zorn & Son Ins. Agency,* 184 Ga. App. 575 (362 SE2d 142) (1987).

DECIDED MARCH 14, 1996.

*Kitchens, Wolfson, Smith, Hannan & Parker, B. Miles Hannan,* for appellants.

*Elliott & Blackburn, W. G. Elliott II,* for appellee.