A96A1740. REDDING v. WALKER.
A96A1741. WILLIAMS v. WALKER.
A96A1742. REDDING v. WALKER.

(485 SE2d 252)

BEASLEY, Judge.

Chiquata Redding, Aquarious Redding and Bobby Williams filed these personal injury suits against Pauline Walker. Walker owned the car which co-defendant Dennis Watson, while driving at speeds in excess of 100 mph, crashed into plaintiffs' vehicle. A few months after the suits were filed, Walker was released from all dischargeable debts by order of the bankruptcy court. On August 22, 1995, the trial court dismissed plaintiffs' complaints against Walker and Watson.

Subsequently, the trial court amended its orders to dismiss only Walker, on the basis of the bankruptcy discharge. Watson is allegedly judgment-proof.

Plaintiffs in their appeals contend the dismissal of Pauline Walker has the erroneous effect of dismissing her insurer. Walker filed motions to dismiss the appeals because the trial court's dismissals were not final judgments (OCGA § 5-6-34 (a) (1)) and contained no language rendering them directly appealable (see OCGA § 9-11-54 (b)), and because the interlocutory appeal procedures were not followed pursuant to OCGA § 5-6-34.

1. The ruling below, as to each plaintiff's case, was in effect an order of summary judgment. The motion was denominated a motion to dismiss, responded to under the same denomination, and so referred to in the court's order. But Walker's motion in each case was not in substance or form a motion pursuant to OCGA § 9-11-12 (b). It did not present one of the defenses listed in subsection (b) but rather presented the defense of bankruptcy discharge. That does not constitute "[f]ailure to state a claim upon which relief can be granted," OCGA § 9-11-12 (b) (6), or any of the other listed defenses which may be disposed of by a motion under that Code section. In substance her motions were for summary judgment, based on a complete bar.

In form as well, the motion in each case was in effect a motion for summary judgment. Walker attached evidence in the form of a document, and the court accepted another document at the time of the hearing on the motions. Documentary evidence, as well as the affidavits expressly mentioned in the summary judgment provision of the Civil Practice Act (at OCGA § 9-11-56 (e)), may be used in considering such motions. *Paulin v. Okehi*, 264 Ga. 604 (449 SE2d 291) (1994); *Kiker v. Pinson*, 120 Ga. App. 784 (1) (172 SE2d 333) (1969).

Discharge in bankruptcy is an affirmative defense. OCGA § 9-11-8 (c). It was not originally pled by Walker, but she pled a stay of proceedings because of the petition for bankruptcy protection in the federal court. An affirmative defense "asserts a bar to recovery and not merely the abatement of an action. [Cit.]" *City of Atlanta v. Chambers*, 205 Ga. App. 834, 835 (1) (424 SE2d 19) (1992). That case distinguishes between the two concepts. Matters in abatement are such as those found in OCGA § 9-11-12 (b), with the exception of OCGA § 9-11-12 (b) (6). *Intl. Indem. Co. v. Blakey*, 161 Ga. App. 99, 100-101 (1) (289 SE2d 303) (1982). " '[A] motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement. [Cit.]' [Cits.]" Id. at 101 (1).

The documents presented to the court were the basis upon which the court resolved an issue of fact (whether defendant's plea in bar was valid) and dismissed the complaints against Walker with prejudice. This terminated, rather than merely abated, each claim

against her and left only the claims against the driver, Watson. When the court considers evidence in ruling on such a motion, a ruling in favor of the movant constitutes summary judgment for that defendant. *Jones v. Ward*, 201 Ga. App. 757, 758-759 (1) (412 SE2d 576) (1991). See also *Peeples v. City of Atlanta*, 189 Ga. App. 888, 889 (1) (377 SE2d 889) (1989). The judgments are final as to Walker, based not on the pleadings alone but together with the evidence which proved the basis for the judgments in her favor, i.e., the discharge in bankruptcy.

"An order granting summary judgment . . . as to any party shall be subject to review by appeal." OCGA § 9-11-56 (h). Plaintiffs contend that Walker should not be eliminated from the cases as a defendant. If they are correct, the trial or trials should not proceed to judgment which, if it favors plaintiffs, must still be appealed to decide the question now properly before the Court on direct appeals. If Walker was erroneously excused, additional trials would be required were the appeals dismissed.

2. Each plaintiff makes the identical arguments on appeal, that the discharge in bankruptcy does not allow defendant Walker's liability insurer to escape liability, and that the case should therefore continue with Walker as defendant to the limit of her insurance coverage, relying on *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456, 457 (2) (224 SE2d 167) (1976), federal cases involving bankruptcy law, and OCGA § 33-7-11 (a) (4).

No insurer is a party to these suits. No evidence in the record shows that Walker had liability insurance. Although the plaintiffs answered Walker's motion to dismiss with an assertion that "Walker had liability insurance at the time the accident occurred," that does not satisfy their burden to point to evidence showing a triable issue remains. See *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995).

Normally, when an ill-styled motion to dismiss is treated as a motion for summary judgment, as in this case, the nonmovant should have 30 days to respond with opposing evidence, from the time it is chargeable with knowing that the court will treat the motion as one for summary judgment. OCGA § 9-11-56 (c); *Cardin v. Outdoor East*, 220 Ga. App. 664, 665 (468 SE2d 31) (1996) (Beasley, C. J., concurring specially); *Hart v. Sullivan*, 197 Ga. App. 759, 760 (399 SE2d 523) (1990) (physical precedent).

In this instance that is not necessary. Plaintiffs do not need time to present evidence controverting the discharge; they in fact agreed in their responses to the motions that it had occurred. Instead, they objected to her discharge because, they asserted, she had liability insurance at the time of the accident.

Even if plaintiffs were given time to file copies of Walker's insur-

ance policy, if there is one, the result would be the same. Plaintiffs have presented no authority for the proposition that they as claimants are entitled to retain her even nominally in the lawsuit so as to obligate her insurer with a judgment based on her contract of insurance for liability coverage. The insurer, if there is one, is not even a party at this stage of the incompleted lawsuit, but even if plaintiffs had added her alleged insurer as a defendant, they cite no authority to prevent Walker's dismissal from the lawsuit. Indeed, the bankruptcy court not only released her from all dischargeable debts, it enjoined all creditors whose debts are discharged by the order "from . . . continuing any action . . . to collect such debts as personal liabilities" of the debtor. Plaintiffs' claims were listed in the bankruptcy.

*Wilkinson v. Vigilant Ins. Co.*, supra, is not directly on point but it supports Walker, not the plaintiffs as to the issue before us. It held that the defendant's discharge in bankruptcy did not entitle the uninsured motorist carrier of the plaintiff to dismissal as a party. Like these instant cases, it was a suit arising out of an auto collision, and the defendant filed a motion to dismiss him because of the bankruptcy discharge. Unlike these cases, plaintiff Wilkinson's uninsured motorist carrier was served and filed a motion for summary judgment (the proper type of motion) based on defendant's discharge. At issue was whether the uninsured motorist carrier's potential liability remained extant. The Supreme Court ruled that it did, based on 11 USCA § 34 (see current 11 USCA § 524 (e)).

Although the defendant's motion for dismissal of him as a party was not in issue on appeal in *Wilkinson*, the Supreme Court implied that he would be entitled to dismissal (or more accurately summary judgment) when it stated that "no liability can attach to the known uninsured" and that the suit should proceed as a John Doe action. Id. at 457 (2).

Defendant Walker's discharge in bankruptcy is not trumped by the existence of her liability insurance, if she has such, so as to preclude her affirmative defense. She was entitled to judgment in her favor.

The judgments are affirmed.

*Judgments affirmed. Andrews, C. J., Johnson and Smith, JJ., concur. McMurray, P. J., and Blackburn, J., concur in the judgment only of Division 1 and dissent as to Division 2 and the judgment of affirmance. Birdsong, P. J., and Pope, P. J., dissent and would dismiss. Ruffin, J., not participating.*

BLACKBURN, Judge, concurring in part and dissenting in part.

I concur in the judgment only as reached by the majority in Division 1; however, I must respectfully dissent to the majority's holding in Division 2 and to its judgment affirming the trial court.

With respect to Division 1 of the majority, I agree that this case was properly brought as a direct appeal. A discharge in bankruptcy is an affirmative defense and proof of such defense constitutes "a bar to recovery and not merely the abatement of an action." *City of Atlanta v. Chambers*, 205 Ga. App. 834, 835 (1) (424 SE2d 19) (1992).

The trial court and the parties dealt with the subject motion as a motion to dismiss. This Court, however, concluded that Walker's motion to dismiss was converted into a motion for summary judgment by the trial court's consideration of evidence outside the pleadings. Upon such determination, it became incumbent upon this Court to determine whether or not such motion for summary judgment was properly granted.

"Although the trial court may convert a motion to dismiss to a motion for summary judgment[,] where this is done there must be compliance with OCGA § 9-11-56 requiring 30 days notice and an opportunity for a hearing. A respondent to a motion to dismiss is entitled to notice of conversion of the motion into one for summary judgment and to thirty days to respond to the motion for summary judgment unless such notice and opportunity are waived. Since the record does not reflect any such waiver, it was error to render judgment in favor of the defendants. The judgment must be reversed, and the case remanded to provide an opportunity for the opposing party to submit evidence in opposition to the motion for summary judgment, and for an opportunity for a hearing on the motion." (Citations and punctuation omitted.) *Bonner v. Fox*, 204 Ga. App. 666, 667-668 (420 SE2d 312) (1992).

In *Jones v. Ward*, 201 Ga. App. 757, 758 (1) (412 SE2d 576) (1991), cited by the majority, we determined that the trial court did not err in treating a motion to dismiss as a motion for summary judgment because the respondent had the opportunity to address the issues raised by the evidence introduced by the movant. In the present case, Walker's discharge in bankruptcy was not filed with the trial court until the day the court filed its orders dismissing plaintiffs' claims. This action gave plaintiffs no opportunity to properly respond to Walker's motion. "OCGA § 9-11-56 (c) requires service of a motion for summary judgment on the opposing party at least 30 days before a hearing. Since the motion to dismiss was converted to a motion for summary judgment[,] appellant was entitled to have the notice requirements of OCGA § 9-11-56 (c) met. Moreover, evidence in support of summary judgment must be *filed* thirty days before the hearing to be considered on behalf of the movant." (Citations and punctuation omitted; emphasis supplied.) Id. at 759 (1).

Where it was this Court which for the first time dealt with the motion as one for summary judgment, we cannot fault plaintiffs for failing to enumerate the trial court's ruling as error since the trial

court did not treat the motions as ones for summary judgment. See *Robertson v. U-Haul Co. of Western Ga.*, 208 Ga. App. 222, 223 (2) (430 SE2d 113) (1993), for a discussion of behavior constituting waiver of this issue.

Had the plaintiffs received the required notice, they would have had an opportunity to present the very evidence of automobile liability insurance coverage, the absence of which forms the basis of the majority's opinion in Division 2. Therefore this case should be reversed and remanded to the trial court for further action consistent with the above.

I am authorized to state that Presiding Judge McMurray joins in this opinion.

BIRDSONG, Presiding Judge, dissenting.

I must dissent from the opinion of the majority.

1. Pauline Walker filed a motion to dismiss the suit against her because of her bankruptcy discharge. The trial court granted that motion to dismiss. The remaining defendant, Watson, who was the driver of this car, is evidently judgment-proof, but plaintiffs contend (and defendants do not deny) that Pauline Walker had insurance which should provide coverage for any personal injury caused to third parties by the driver of her car.

The insured's personal bankruptcy discharge does not excuse the insurer from its contract liability as to the driver of her car. Prior to Walker's motion to dismiss, her insurer was not specially impleaded because it could not be sued as a defendant under the collateral source rule; its shadowy presence in the case was only through Pauline Walker. Even though the dismissal of Pauline Walker, the plaintiffs would be able to hold the insurer to its contract of coverage as to Pauline Walker's vehicle. Now, however, the majority has declared that this contracted-for insurance coverage of Pauline Walker's car is not available to the plaintiffs, because the majority has converted Pauline Walker's motion to dismiss to a summary judgment and the trial court's dismissal to a *final* judgment merely because it examined a federal court document and supporting affidavit, and because there is at this stage no evidence in the record that Pauline Walker had insurance. Thus, reasons the majority, the plaintiffs cannot recover under Pauline Walker's insurance policy as it applies to the driver of her vehicle because the plaintiffs, adhering to the rule against mentioning insurance, had not mentioned Pauline Walker's insurance before the trial court dismissed Pauline Walker from the case.

This result is grossly unjust and untenable, patched together as it is by technical theories and by the idea that if the trial court looks at anything besides the pleadings it "converts" the proceeding to

summary judgment. The first rule of the Civil Practice Act is that it *"shall be construed to secure the just, speedy, and inexpensive determination of every action."* (Emphasis supplied.) OCGA § 9-11-1. In *Ambler v. Archer*, 230 Ga. 281, 286-287 (196 SE2d 858), the Supreme Court held: " 'The Act is designed to simplify [civil procedure] by *deemphasizing form and technicality in order that the substantive rights of litigants may be asserted and tried on the merits.'* [Cit.] . . . *'(The Act) should serve to reduce the number of decisions which are resolved on grounds having no relation to the merits of the litigation.'* These comments undoubtedly reflect the spirit and purpose of the Civil Practice Act and the courts . . . should be diligent to hew not only to the letter of the act, *but also to this spirit."* (Emphasis supplied.)

The trial court granted Pauline Walker's motion to dismiss her personally because of her personal bankruptcy discharge. According to our appeal laws, this was not a final judgment because issues remain pending (OCGA § 5-6-34 (a) (1)); and because appellants did not follow interlocutory procedures (OCGA § 5-6-34), this appeal should merely be dismissed, leaving for resolution *on the merits* the liability of the driver of Pauline Walker's car.

If there is insurance liability coverage of Pauline Walker's car and its driver's acts, that insurance will be available to the appellants/plaintiffs because there are obviously still triable issues below as to that driver's liability. No procedural trick should obviate the driver's potential liability and the car's insurer's contractual responsibility to third-party beneficiaries.

This Court has held that even if an order does not specify that it is a final judgment within the meaning of OCGA § 5-6-34 (a) (1), it nevertheless constitutes a final judgment if it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties without further recourse in the trial court. *R. J. Reynolds &c. v. Fischer*, 207 Ga. App. 292, 293 (1) (427 SE2d 810); *Spring-U Bonding Co. v. State of Ga.*, 200 Ga. App. 533 (408 SE2d 831); and *Caswell v. Caswell*, 157 Ga. App. 710 (278 SE2d 452). Plainly the issue of Watson's liability is still pending even if he is judgment-proof. If Pauline Walker's insurer is contractually liable for the driver's acts, her dismissal for personal bankruptcy has no effect on the insurer's contractual liability. The dismissal of a bankrupt defendant does not operate as a res judicata "dismissal" of the bankrupt's insurer or other contractee which owes a duty to third persons. See *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456, 457 (224 SE2d 167). The dismissal of an insured as a bankrupt does not touch the contract to insure the insured's vehicle or persons injured by a driver of that vehicle or other such third-party beneficiaries. If the driver's liability would render liable the insurer who contracted to

insure the car owned by Pauline Walker, the fact that Walker is no longer a party does not affect the insurer's liability.

The trial court's judgment — *whatever it is called* — leaves pending the entire merits of plaintiffs' claims, including defendant Watson's liability as driver and the ultimate liability of the insurer who contracted to insure the car he drove. These appeals should be dismissed as improper direct appeals of a grant of a motion to dismiss; this would leave this lawsuit intact as a viable proceeding with triable issues. No other result is proper or just.

2. The majority retains jurisdiction of this case as a direct appeal on the ground that the trial court, considering Pauline Walker's bankruptcy filing and her discharge in bankruptcy, converted this motion to dismiss to a motion for summary judgment which is subject to direct appeal. However, OCGA § 9-11-12 provides that a motion to dismiss may be converted to a motion for summary judgment if "matters outside the pleading[s]" are considered by the trial court.

"Matters outside the pleading[s]" are such things as affidavits and other "evidentiary" materials of such substance that the inquiry is converted to one of *whether any genuine issue of material fact remains for a jury (Zepp v. Mayor &c. of Athens*, 180 Ga. App. 72 (348 SE2d 673)). The rule allowing conversion of a motion to dismiss to a motion for summary judgment, OCGA § 9-11-12 (b), refers only to a motion to dismiss based on the affirmative defense of *failure to state a claim upon which relief can be granted.* "No such treatment is statutorily mandated for a motion to dismiss based on [other affirmative defenses]." *Terrell v. Porter*, 189 Ga. App. 778, 779-780 (377 SE2d 540).

Moreover, the fact that an affidavit was considered on a motion to dismiss does not convert the proceedings to summary judgment proceedings. See *Terrell*, supra at 779, where we held: "A motion to dismiss for lack of jurisdiction of the defendant, when tried on affidavits pursuant to OCGA § 9-11-43 (b), does not become a motion for summary judgment. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223)." The reason for the conversion of a motion to dismiss for failure to state a claim to summary judgment proceedings is purely rational: the inquiry for a defense of failure to state a claim is whether there is any law or any fact or set of facts which necessarily defeats the claim (*Oliver v. Irvin*, 230 Ga. 248, 249 (196 SE2d 429)), so that *on evidence*, the movant is entitled to judgment as a matter of law on the merits. This is similar to the summary judgment inquiry whether there is any issue of fact to put to a jury and movant is entitled to judgment. Both inquiries determine the merits.

The conversion to summary judgment proceedings has been the source of much argument and confusion. See, e.g., *Ledford v. Meyer*, 249 Ga. 407 (290 SE2d 908). Under OCGA § 9-11-12 (b), this "conver-

sion" is properly used only with a motion to dismiss for failure to state a claim upon which relief may be granted. See *Christensen v. State of Ga.*, 219 Ga. App. 10, 11 (4) (464 SE2d 14). See also *City of Atlanta v. Chambers*, 205 Ga. App. 834 (424 SE2d 19), which, although cited by the majority, did not involve a "conversion" to summary judgment proceedings from a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b). It involved a *motion for summary judgment* asserting a bar of municipal immunity. In *Peeples v. City of Atlanta*, 189 Ga. App. 888, 889 (377 SE2d 889), we noted that a statute of limitation is a matter in bar and where the court considers matters outside the pleadings, it "should [be] treated as one for summary judgment and disposed of as provided in [OCGA § 9-11-56]." *Hoffman v. PMC Dev. Co.*, 238 Ga. 258 (232 SE2d 541). However, *Hoffman* did not involve a "conversion" of motions under OCGA § 9-11-12 (b); it involved the judicial consideration of evidentiary "matters outside the complaint" in a " 'motion to dismiss and plea of statute of limitations.' " *Hoffman*, supra.

Where the trial court considers evidence and decides either that there is a question for the jury or that there is not, we deemed such cases in substance to be summary judgment proceedings because there is no magic in nomenclature. That is not the situation here. The federal discharge and supporting affidavit do not create an issue of fact. While the trial court necessarily looked at those documents, they were not in dispute and were conclusive as a matter of law, as a bar to the proceedings against her personally.

Technical niceties of a "bar" versus an "abatement" do not govern "conversion" of proceedings to summary judgment. The majority's "conversion" of the trial court's dismissal of one defendant to a final judgment as to all parties leaves plaintiffs with no recourse whatsoever, even though the trial court's dismissal of Pauline Walker left issues pending as to the driver's liability and the liability of the insurer of the car he drove.

We should not, on appeal, cause confusion by tweaking the trial court's orders and proceedings into a "conversion to summary judgment" simply to reach procedural goals or adjust the rights to appeal as we might deem desirable in a particular case. Important to the question of converting a motion to dismiss to summary judgment proceedings is the question whether the trial court *intended to render summary judgment. Ledford,* supra at 408. The very bottom line is that "summary judgment" is proper only when the court, viewing the facts and reasonable inferences most favorably to the non-moving party, concludes that the evidence does not create a claim (OCGA § 9-11-12 (b)) or a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474). Or, what starts as a motion to dismiss for the affirmative defense of failure to state a claim (OCGA § 9-11-12 (b))

may be resolved by studying *evidence* outside the pleadings so the trial court "converts" the motion to summary judgment proceedings with proper notice to all parties. If this had been done, plaintiffs would have been able to argue that the defendant driver's acts were contractually covered by insurance, leaving issues pending below, and the majority could not rule as it does.

A bankruptcy discharge is an affirmative defense which bars further proceedings. OCGA § 9-11-8 (c). It does not give rise to a defense of "failure to state a claim" so as to be amenable to conversion to summary judgment proceedings (OCGA § 9-11-12 (b)), even if the trial court examines an affidavit in the course of its ruling. The only reason to convert any matter to a summary judgment proceeding is to determine whether a claim is stated under OCGA § 9-11-12 (b) or *whether an issue of fact remains to be determined* by a jury or judge on the merits. OCGA § 9-11-56. Unless affirmative defenses *give rise to an issue of fact*, they are "not within the scope of . . . summary judgment." *Intl. Indem. Co. v. Blakey*, 161 Ga. App. 99, 101 (1) (289 SE2d 303).

Judicial proceedings are treated according to their substance rather than their name. *McDonald v. State*, 222 Ga. 596 (151 SE2d 121); *Manning v. Robertson*, 223 Ga. App. 139, 142 (476 SE2d 889). The substance of this motion was merely to dismiss Pauline Walker personally, and not to dismiss the driver of her vehicle or the insurer of her vehicle which would be liable for the driver's acts. As the dismissal of Pauline Walker for bankruptcy discharge bar is not a final judgment, and many issues remain pending on the merits, this is an interlocutory judgment and appellants were not entitled to direct appeals. OCGA § 5-6-34.

Whatever the analysis, even if the majority insists on entertaining these as direct appeals, the case should be returned to the trial court for resolution on the merits of plaintiffs' claims. To do otherwise violates the mandate of Rule 1 of the Civil Practice Act (OCGA § 9-11-1), which forbids us from aborting cases on procedural technicalities when the merits of the case can fairly be reached. See *Ambler*, supra. The result of the majority is neither fair nor correct.

I respectfully dissent. I am authorized to state that Presiding Judge Pope joins in this dissent.

DECIDED MARCH 21, 1997.

*Hillman J. Toombs*, for appellants.

*Berry & Wilson, Matthew T. Berry, Richard L. Ormand*, for appellee.