MILLER, Presiding Judge,
dissenting.
I respectfully dissent from the majority’s conclusion that the trial court properly granted the defendants’ motion to dismiss because the trial court did not convert the motion to dismiss into a motion for *841 summary judgment, and the Georgia Tort Claims Act is not the exclusive remedy where the RICO statute created a separate waiver of sovereign immunity.
1. The majority concludes that the trial court converted the motion to dismiss into a motion for summary judgment. The trial court, however, could not do so without providing Tricoli with notice. Bonner v. Fox, 204 Ga. App. 666, 667 (420 SE2d 312) (1992). Instead, the trial court granted the defendant’s motion to dismiss, and this Court should review the trial court’s order consistent with that standard of review.[1]
2. The issue of whether the Georgia RICO statute provides a waiver of immunity is a question of statutory interpretation and a matter of first impression.
A statute draws its meaning, of course, from its text. When we read the statutory text, we must presume that the General Assembly meant what it said and said what it meant, and so, we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. The common and customary usages of the words are important, but so is their context. For context, we may look to the other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question.
(Citations and punctuation omitted.) Tibbles v. Teachers Retirement System of Co., 297 Ga. 557, 558 (1) (775 SE2d 527) (2015).
The RICO Act makes it unlawful for “any person employed by or associated with any enterprise to conduct or participate in, directly or indirectly, such enterprise through a pattern of racketeering activity.” OCGA § 16-14-4 (b). The definition of “enterprise” includes governmental entities. OCGA § 16-14-3 (3). Moreover, the statute specifically provides that “[a]ny aggrieved person” may initiate a civil action for treble damages and/or injunctive relief. OCGA § 16-14-6 (b), (c).
Importantly, nothing requires the legislature to “use specific ‘magic words’ such as ‘sovereign immunity is hereby waived’ in order *842 to create a specific statutory waiver of sovereign immunity.” Colon v. Fulton County, 294 Ga. 93, 95 (1) (751 SE2d 307) (2013). In drafting the RICO Act, the legislature made its intent clear:
It is the intent of the General Assembly . . . that [the RICO statute] apply to an interrelated pattern of criminal activity motivated by or the effect of which is pecuniary gain or economic or physical threat or injury. This chapter shall be liberally construed to effectuate the remedial purposes embodied in its operative provisions.
OCGA § 16-14-2 (b).
The RICO statute includes governmental entities in its definition of enterprise, and it specifically provides a private individual with a civil remedy for RICO Act violations. These provisions, when viewed together, create a waiver of sovereign immunity.[2] To read the RICO Act as the trial court and the majority do would result in a violation of statutory interpretation and lead to a nonsensical result. See Colon, supra, 294 Ga. at 96 (1).
The majority argues that the Georgia Tort Claims Act is the exclusive remedy for Tricoli’s claims and decides the case on this basis. See OCGA § 50-21-25 (a). Ibegto differ, however, with the trial court’s and majority’s conclusion that Tricoli cannot overcome the bar of sovereign immunity because the language of the RICO statute itself indicates otherwise. Imaginative[3] or not, it is irrelevant whether Tricoli will prevail ultimately on the merits of his RICO allegations. The only issue before this Court now is whether he has pled claims that can overcome sovereign immunity at this stage of the litigation. Tricoli has certainly done so.
If Tricoli had alleged only isolated instances of tortious conduct, the Georgia Tort Claims Act would have barred his claims because the General Assembly, in drafting the RICO Act, did not intend to cover “isolated incidents of misdemeanor conduct.” OCGA § 16-14-2 (b) (emphasis supplied). Unlike the Georgia Tort Claims Act, however, the RICO Act is designed to prohibit (1) a pattern of activity, (2) intended to threaten or cause economic harm, even where that *843 pattern involves tortious actions. See id. This is exactly'what Tricoli has alleged in his RICO claim — a pattern of tortious and criminal acts designed to threaten him with and inflict economic harm upon him. This Court cannot overlook a remedy the legislature, in its wisdom, saw fit to create. Therefore, I conclude that the Georgia Tort Claims Act is not the exclusive remedy where, as in this case, the legislature intended for the RICO Act to provide a separate waiver of sovereign immunity. Accordingly, I dissent from the majority’s opinion.
Decided March 30, 2016 —
Reconsideration denied April 14, 2016
Stephen F. Humphreys, for appellant.
Samuel S. Olens, Attorney General, Kathleen M. Pacious, Dennis R. Dunn, Deputy Attorneys General, Loretta L. Pinkston, C. McLaurin Sitton, Annette M. Couiart, Senior Assistant Attorneys General, Christopher A. McGraw, Assistant Attorney General, for appellee.

 We review de novo a trial court’s decision to grant a motion to dismiss. Liberty County School Dist. v. Halliburton, 328 Ga. App. 422, 423 (762 SE2d 138) (2014). In doing so, we construe the pleadings in the light most favorable to the appellant, and we resolve any doubts in the appellant’s favor. Ewing v. City of Atlanta, 281 Ga. 652, 653 (2) (642 SE2d 100) (2007).

 Moreover, in other contexts, the Supreme Court of Georgia has found language similar to that found in the RICO Act sufficient to waive immunity. See Colon, supra, 294 Ga. at 95-96 (1). Specifically, in Colon, the Supreme Court concluded that the whistleblower statute, OCGA § 45-1-4, waived sovereign immunity with language that “[a] public employee . . . may institute a civil action[.]” As the Supreme Court explained, “in order for the statute to have any meaning at all here, it can only be interpreted as creating a waiver of sovereign immunity.” (Citation omitted.) Id.

 See maj. op. at 840 (4).