### 44061. CITY DODGE, INC. v. ATKINS.

PANNELL, Judge. T. C. Atkins brought an action in three counts against City Dodge, Inc., Count 3 of which is the only count involved in the present controversy. The third count was based upon fraudulent misrepresentations made to the purchaser of an automobile sold by the defendant. The plaintiff recovered a judgment against the defendant and the defendant filed a motion to set aside the verdict and judgment based upon what it contended to be a non-amendable defect appearing upon the face of the record and that the third count showed upon its face that no claim in fact existed

thereon against the defendant, and other grounds, which other grounds were abandoned in this court. The controversy here relates primarily to the construction of the allegations of Paragraph 9 which are as follows: "Plaintiff shows that said representations above set forth made by the salesman and agent of the defendant were made for the purpose of inducing plaintiff to act thereon, and that he did act thereon to his injury. Said representations were wilfully and knowingly false and were made by said salesman and agent of defendant for the purpose of deceiving plaintiff, and said representations did deceive plaintiff, he having acted thereon to his injury, and said representations were material and *said salesman and agent of defendant knew at the time of the sale, or should have known by virtue of his position as a salesman for a Dodge dealer, that said representations were false* and were made with the intention of deceiving plaintiff." (Emphasis supplied.) The trial judge refused to set aside the verdict and judgment, and the defendant appeals such ruling to this court. *Held:*

While prior to the Civil Practice Act alternative allegations would be construed most strongly against the pleader so that the above allegation would be one of constructive notice only (*Whaley v. Holt,* 110 Ga. App. 228, 229 (138 SE2d 196)), this rule is no longer effective as alternative pleadings are now allowed (Section 8, Paragraph (e) (2) of the Civil Practice Act (Ga. L. 1966, pp. 609, 620; *Code Ann.* § 81A-108)) and, construing the petition most favorably to the pleader (assuming without deciding that an allegation of constructive fraud only would show that no cause of action existed (see, however, *Wade Ford, Inc. v. Perrin,* 111 Ga. App. 794 (143 SE2d 420); *Aderhold v. Zimmer,* 86 Ga. App. 204 (79 SE2d 270); *Code* § 105-302)), it alleges actual fraud. The petition not disclosing on its face that no claim in fact existed (Section 60, Par. (d) of the Civil Practice Act (Ga. L. 1966, pp. 609, 663; *Code Ann.* § 81A-160 (d)), and the defect if any, being an amendable one, the trial court did not err in refusing to set aside the verdict and judgment.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

ARGUED NOVEMBER 6, 1968—DECIDED NOVEMBER 19, 1968.

*Webb, Parker & Ferguson, John Tye Ferguson,* for appellant.
*John C. Joyner, W. Fred Orr, II,* for appellee.