## 55808. AZAR-BEARD & ASSOCIATES, INC. v. WALLACE.

McMURRAY, Judge.

This is a suit on a note. The note in question was given in compensation for a real estate brokerage commission on the sale of real property, an activity mentioned in Code Ch. 84-14, as amended. Plaintiff and its predecessor are corporations having a real estate broker employed at the time of the execution of the promissory note. He testified that he held the position of president, although it is not clear that he was the president at the time of the execution of the note in December 1973.

At the trial, plaintiff produced a document identified as a note payable to plaintiff and signed by defendant. At the close of plaintiff's evidence the trial court granted defendant's motion for directed verdict based on the failure of plaintiff to allege and prove that it was a duly licensed real estate broker at the time the alleged cause of action arose. Plaintiff appeals. *Held:*

1. Defendant relies upon Code Ann. § 84-1404 (a) (Ga. L. 1973, pp. 100, 104), which provides: "No person

shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this Chapter without alleging and proving that he was a duly licensed real estate broker or salesman at the time the alleged cause of action arose." Plaintiff relies upon Code Ann. § 109A-3—307 (2) (Ga. L. 1962, pp. 156, 256), which provides that, "[w]hen signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." The issue before us is which of these statutes is controlling here. The solution lies in an examination of which contract is being sued upon. If a person who has acted as a real estate broker or salesman wishes to bring suit to enforce his rights under the brokerage or salesman's contract, then he must comply with the requirements of Code Ann. § 84-1404 (a), supra; but in this case the contract being sued upon is a promissory note and not the brokerage or salesman's contract. Therefore, this suit is not one for the collection of compensation for the performance of any of the acts mentioned in Code Ch. 84-14, as amended, but is a suit to enforce obligations of the note and is governed by the provisions of the Uniform Commercial Code, specifically Code Ann. Ch. 109A-3. However, a defendant may always defend a suit on a note by showing a failure of consideration.

2. "On and after July 1, 1973, no original broker's license shall be granted to a corporation. . . unless said corporation . . . designates a qualifying broker who shall have more than a nominal interest in said corporation . . . and every . . . officer of said corporation . . . who actively participates in the real estate brokerage business . . . shall obtain a license as a real estate broker . . ." Code Ann. § 84-1414 (Ga. L. 1973, pp. 100, 112; since amended by Ga. L. 1974, p. 382).

3. At the conclusion of plaintiff's case it had proved (by production of the signed note) that it was a corporate entity seeking judgment on a promissory note executed in its favor by the defendant as a commission, which commission was the sellers' responsibility pursuant to the sales contract. Accordingly, a prima facie case had been made as to the promissory note.

4. The trial court has clearly indicated its ruling, which granted defendant's motion for directed verdict, was predicated on the erroneous conclusion of law that Code Ann. § 84-1404 (a), supra, was controlling; therefore, the principle that a judgment correct for any reason will be affirmed is inapplicable here. Our decision serves only to reverse the granting of defendant's motion for directed verdict and intimates no opinion on our part as to the merits of plaintiff's case.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED MAY 3, 1978 — DECIDED JUNE 22, 1978 — REHEARING DENIED JULY 13, 1978.

*Johnston & McCarter, Steven J. Strelzik,* for appellant.

*Carroll & Greenfield, John W. Greenfield,* for appellee.