## 61105. BARNETT v. FREEMAN et al.

MCMURRAY, Presiding Judge.

This is a wrongful death action brought by the mother of a five-year-old child who was struck by an automobile while attempting to cross a road. Defendant Freeman was the operator of the vehicle which struck plaintiff's decedent and defendant House was the operator of a vehicle which was parked near the scene of the incident and which vehicle's headlights allegedly directly interfered with the vision of the defendant Freeman. Defendant House also allegedly acted in a manner such as to frighten the deceased child into the attempt to cross the street.

At the trial of the case the jury was directed by the trial court to return a verdict in favor of the defendants. Plaintiff appeals. *Held:*

1. The record before this court does not contain a complete transcript of the proceedings at trial. Instead, the transcript submitted is only an excerpt limited to the motions for directed verdict by the defendants, the ensuing colloquy between the court and counsel, and the grant of those motions by the trial court which is reflected in the verdict returned by the jury. In many similar cases the absence of a transcript of the evidence has compelled this court to

rely upon the presumption that in the absence of a showing to the contrary, the trial court performed faithfully and lawfully the duties devolving upon it by law thereby affirming in the absence of a transcript. See such cases as *Eastman v. GMAC,* 146 Ga. App. 339 (246 SE2d 393); *Harbin Lumber Co. v. Fowler,* 142 Ga. App. 167 (235 SE2d 638). In regard to defendant House that presumption is applicable in the case sub judice, and as to that defendant we affirm.

2. As to defendant Freeman, however, we may not apply the presumption of regularity as the portion of the transcript contained in the record before this court makes an affirmative showing contrary to that presumption. The excerpt from the transcript shows first that the direction of the verdict by the trial court in favor of defendant Freeman was predicated upon the trial court's belief that plaintiff was bound by her counsel's opening statement to the jury that defendant Freeman at the time of the incident was blinded by the headlights on defendant House's vehicle. Secondly, the trial court clearly stated in the excerpt contained in the record that if plaintiff had not been bound by counsel's remarks in the opening statement that issues of fact would exist for submission to the jury.

A party's opening statement to the jury is an opportunity for a party to state those facts which the party expects the evidence presented will show. The opening statement is not evidence, and the expectations of the parties as to testimony of the witnesses and the jury's perception of the information received from the witness stand may often be disappointing. Compare *Orkin Exterminating Co. v. Gill,* 222 Ga. 760 (2) (152 SE2d 411). *Orkin* is based upon the following language: "where it is not shown that the defendant relied upon or was misled by such statement." See *Baker v. Davis,* 127 Ga. 649, 658 (11) (57 SE 62). In view of the fact that the remarks in question in the case sub judice were prefaced in terms of what counsel "expected" the evidence to show, it cannot be said that the remark was "intended as a basis of action" by the opposing parties. Under no circumstances could the party here be bound by his counsel's opening statement as to what he "expected" the evidence to show.

Under the Civil Practice Act (Code Ann. § 81A-108 (e) (2) (Ga. L. 1966, pp. 606, 619; 1967, pp. 226, 230; 1976, pp. 1047, 1048), a party may seek recovery under several alternative and inconsistent theories and may sue on one theory and recover under another if supported by the evidence. Therefore, we cannot agree that a party's discussion of one theory in its opening statement may limit the issues which are presented for consideration by the jury so as to constrain the jury in considering the issues presented by the evidence at trial. See in this regard such cases as *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 174 (3), 177 (186 SE2d 566); *Hirsch's v. Adams,* 117 Ga.

App. 847, 848 (1) (162 SE2d 243); *McCreary v. Wright,* 132 Ga. App. 500, 502 (4) (208 SE2d 373); *City Dodge, Inc. v. Atkins,* 118 Ga. App. 676, 677 (164 SE2d 864).

Although a complete transcript of the proceedings before the trial court would have been preferable, the excerpt of the transcript submitted in the case sub judice is sufficient to disclose that the trial court's decision to direct the verdict was based upon the erroneous theory of law that plaintiff was bound by counsel's remarks in the opening statement. The trial court erred in directing the verdict in favor of defendant Freeman. The principle that a judgment correct for any reason will be affirmed is inapplicable here. *Azar-Beard & Assoc. v. Wallace,* 146 Ga. App. 671, 673 (4) (247 SE2d 154); *Smith v. Andrews,* 139 Ga. App. 380, 381-382 (228 SE2d 320).

*Judgment affirmed in part and reversed in part. Quillian, C.J., and Pope, J., concur.*

DECIDED MARCH 4, 1981.

*B. Andrew Prince,* for appellant.
*Weymon H. Forrester, John D. Jones,* for appellees.