## A94A2381. AMERICAN CAR RENTALS, INC. v. WALDEN LEASING, INC.
### (451 SE2d 537)

BLACKBURN, Judge.

Appellant American Car Rentals, Inc. (American) appeals the order of the trial court granting appellee Walden Leasing, Inc.'s (Walden) motion to dismiss counterclaim, or in the alternative, motion in limine, and ordering that Walden's suit against American be submitted to and determined by arbitration.

On January 15, 1993, Walden brought suit against American for failure to make timely payments for vehicles American leased from Walden pursuant to a motor vehicle lease agreement the two companies entered into two years earlier. Walden's complaint sought all unpaid amounts under the lease agreement and the vehicle lease orders

executed thereunder as well as reasonable costs and attorney fees. In its answer, American did not dispute Walden's allegation that it failed to make timely payments for the vehicles it had leased. Rather, by counterclaim and the consolidated pre-trial order, American sought damages for lost profits, past and future, pertinently asserting that Walden breached certain oral contracts entered into between the parties after the formation of the lease agreement and the vehicle lease orders. Walden, in turn, moved to dismiss the counterclaim because it was exclusively for lost profits, damages expressly disallowed by the lease agreement.

American asserts that the trial court erred (1) by granting Walden's motion to dismiss counterclaim, or, in the alternative, motion in limine, erroneously denying it damages for lost profits, and (2) by ordering binding arbitration under the lease agreement notwithstanding the election of the parties to pursue their claims at law before a jury.

Inasmuch as the trial court considered matters outside the pleadings in deciding Walden's motion to dismiss, specifically the pre-trial order and attachment A thereto (consisting of the lease agreement and pertinent vehicle lease orders), the trial court was obligated to treat the motion as a motion for summary judgment. OCGA § 9-11-12 (b), (c). Where a motion to dismiss is thus converted to a motion for summary judgment, there must be compliance with OCGA § 9-11-56, requiring an opportunity for a hearing upon 30 days notice to the non-moving party. *Charming Shoppes v. Black*, 252 Ga. 207 (312 SE2d 604) (1984). In light of the foregoing, the trial court's order, insofar as it purports to dispose of American's counterclaim, is not presently amenable to direct appeal as a final judgment under the provisions of OCGA §§ 9-11-56 (h) and 5-6-34 (a) (1). Further, there being no certification for immediate review by the trial court of the stay order below as provided by OCGA § 5-6-34 (b), this court lacks jurisdiction to determine the validity of the trial court's order directing the parties to submit their claims to binding arbitration under the arbitration clause of the lease agreement. See *Phillips Constr. Co. v. Cowart Iron Works*, 250 Ga. 488, 490 (299 SE2d 538) (1983); OCGA § 5-6-34 (d).

Accordingly, we vacate the trial court's order granting the motion to dismiss the counterclaim and directing submission of the case to arbitration with stay of the judicial proceedings pending the result thereof. The case is hereby remanded to the trial court for disposition of the motion in accordance with applicable procedure, and the trial court is authorized to reenter its earlier orders and certify them, as appropriate, for immediate appeal.

*Judgment vacated and remanded with direction. Birdsong, P. J., and Ruffin, J., concur.*

Decided December 13, 1994.

Evert & Weathersby, Michael N. Weathersby, for appellant.
Lamberth, Bonapfel, Cifelli, Willson & Stokes, Gary D. Stokes,
Stuart F. Clayton, Jr., for appellee.