S07G1870. THOMPSON v. AVION SYSTEMS, INC.
(663 SE2d 236)

BENHAM, Justice.

Avion Systems, Inc. ("Avion Systems") sued Maxine Thompson ("Thompson") for breach of an employment contract. Thompson filed a response in the form of a motion to dismiss or, in the

alternative, for summary judgment. With the motion, Thompson filed evidence which included all the discovery from a previous suit against Thompson which Avion Systems had voluntarily dismissed. More than 30 days later, the trial court entered an order which did not state whether the trial court had converted the motion to dismiss into a motion for summary judgment. The order concluded, "After careful consideration of the law, facts and memoranda filed herein, the Court HEREBY GRANTS Defendant's motion." On appeal, the Court of Appeals examined the order and treated it as the grant of a motion to dismiss because (1) the trial court did not specify whether it was granting a motion to dismiss or a motion for summary judgment, (2) it believed Thompson was requesting summary judgment "only in the event dismissal was not granted," and (3) the trial court did not enter an order denying the motion to dismiss. *Avion Systems v. Thompson*, 286 Ga. App. 847, n. 1 (650 SE2d 349) (2007). Upon analyzing the trial court's judgment as the grant of a motion to dismiss, the Court of Appeals affirmed in part and reversed in part. This Court granted Thompson's petition for a writ of certiorari and we posed the following issue to the parties: Whether an appellate court must consider the mandate of OCGA § 9-11-12 (b) in determining whether an ambiguous trial court order is one for dismissal or one for summary judgment. Because we conclude that OCGA § 9-11-12 (b) must be considered and the Court of Appeals failed to do so, its decision is vacated, and the case remanded with direction.

Both parties concede, and we agree, that the Court of Appeals erred when it treated the motion at hand as one for dismissal. OCGA § 9-11-12 (b) states in pertinent part:

> If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56. . . .

The statute requires the reviewing court to first determine whether either party has presented matters outside the pleading to the trial court. If no such matters are presented, then the motion is treated as a motion for dismissal. *Holloway v. Dougherty County School System*, 157 Ga. App. 251, 253-254 (277 SE2d 251) (1981) (where no matters outside the pleading were presented, motion was for dismissal). If such matters outside the pleading have been presented, a further determination has to be made as to whether the trial court excluded them. If the trial court excluded such matters, then the motion is for dismissal. OCGA § 9-11-12 (b). If the trial court considered such

matters, then the motion is for summary judgment. *Cox v. Athens Regional Med. Center*, 279 Ga. App. 586 (631 SE2d 792) (2006) (where trial court did not exclude contracts presented in addition to the complaint, motion to dismiss was converted to motion for summary judgment); *American Car Rentals v. Walden Leasing*, 215 Ga. App. 621 (451 SE2d 537) (1994) (where pre-trial order and attached lease agreement were presented and not excluded, trial court was required to treat motion to dismiss as a motion for summary judgment). Here, the parties agree and do not contest that matters outside the pleading were presented to and were not excluded by the trial court. Because the Court of Appeals did not follow the mandate of OCGA § 9-11-12 (b) and treated the trial court's order as a grant of a motion to dismiss, we vacate its judgment and remand the case to the Court of Appeals for reconsideration in light of our determination that the trial court's order should have been treated as an order granting summary judgment.* Id.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Breedlove, Lassiter & York, Lee Breedlove, Jule C. Lassiter*, for appellant.

*Theodore H. Lackland*, for appellee.