# Court of Appeals
# of the State of Georgia

ATLANTA,____August 12, 2015____

*The Court of Appeals hereby passes the following order:*

**A15A2075. FARMERS & MERCHANTS BANK v. TARA RABUN.**

Tara Rabun, as administrator of the Estate of Oscar C. Herringdine, Sr. ("the Estate"), filed a claim for conversion and breach of contract against Farmers and Merchants Bank ("the Bank"). The Bank, in turn, filed a third-party complaint against Jerry and Larry Herringdine. Later, the Bank filed a motion to add the Herringdines as party-defendants, and the Estate moved to dismiss the third-party complaint. The trial court denied the Bank's motion and granted the Estate's. The Bank then appealed directly to this Court. The Estate has moved to dismiss the appeal on the ground that it is premature.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed." (Punctuation and citation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989); see also *Underwood v. Dunn*, 215 Ga. App. 252 (451 SE2d 129) (1994). Because the Estate's claims against the Bank remain pending below, the challenged order is not a final order; nor did the trial court direct the entry of final judgment in accordance with OCGA § 9-11-54 (b).

The Bank argues that the trial court effectively converted the Estate's motion to dismiss the third-party complaint into a motion for summary judgment – the grant of which is directly appealable under OCGA § 9-11-56 (h) – by considering matters

outside the pleadings. Such a conversion occurs when "matters outside the pleadings are presented to and not excluded by the court." OCGA § 9-11-12 (b); see also *Thompson v. Avion Systems*, 284 Ga. 15 (663 SE2d 236) (2008). The Bank notes that it – and the Estate, at the Bank's request – filed depositions with the court in conjunction with the motions to add defendants and dismiss the third-party complaint. But the trial court expressly stated in its order that it considered only "argument of counsel and citations of authority," and the order does not cite any record evidence. Compare *Bynum v. Horizon Staffing*, 266 Ga. App. 337, 338 (1) (596 SE2d 648) (2004) (motion to dismiss was converted to motion for summary judgment where trial court's order stated that court had performed "a careful review of the record of this case, including any evidence submitted"). Further, the court plainly held that the third-party complaint failed to state a claim upon which relief could be granted, not that the Bank had failed to present evidence to support such a claim. Under these circumstances, the Estate's motion to dismiss was not converted to one for summary judgment, and the grant of the motion is not directly appealable under OCGA § 9-11-56 (h).

Rather, the order was appealable only through the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). See *Johnson*, supra. The Bank's failure to follow the interlocutory appeal procedure deprives us of jurisdiction over this direct appeal. The Estate's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/12/2015
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_ , *Clerk.*