**THIRD DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 3, 2023**

# In the Court of Appeals of Georgia

A22A1355. SILVER COMET TERMINAL PARTNERS, LLC v.
PAULDING COUNTY AIRPORT AUTHORITY et al.

DOYLE, Presiding Judge.

Silver Comet Terminal Partners, LLC ("Silver Comet"), appeals from an order of the Superior Court of Paulding County, which dismissed Silver Comet's amended cross-claim, denied Silver Comet's motion to substitute parties, and denied as moot Silver Comet's motion for summary judgment on its amended cross-claim against Paulding County Airport Authority (the "Authority"). We dismiss this appeal as premature, for the reasons that follow.

In 2015, Appellee Paulding County (the "County") filed the underlying action against the Authority, seeking a declaration that the Authority could not move forward with an application for a commercial airport operating certificate from the

Federal Aviation Administration ("FAA") without the County's consent. Silver Comet intervened and filed a counterclaim against the County for declaratory relief and seeking damages pursuant to 42 USC § 1983. The County amended its complaint to add claims against Silver Comet, including a claim for breach of contract.[1]

Silver Comet filed an amended cross-claim against the Authority, seeking indemnification. The Authority moved to dismiss the amended cross-claim on the ground that it was barred either by res judicata or the prior-action-pending doctrine. Silver Comet moved for summary judgment on its amended cross-claim.

After hearing oral argument, the superior court granted the Authority's motion to dismiss the cross-claim, denied Silver Comet's motion to substitute or join the County as a defendant on the cross-claim, and denied as moot Silver Comet's motion for summary judgment on the cross-claim. Silver Comet appeals from this order.

The Authority has moved to dismiss the appeal on the ground that it is premature. We agree.

> In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less

---

[1] We previously affirmed the superior court's dismissal of Silver Comet's counterclaims against the County. See *Avery v. Paulding County Airport Auth.*, 343 Ga. App. 832, 848-852 (4) (808 SE2d 15) (2017).

2

than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed.[2]

Here, the County's claims remain pending below, and the trial court did not direct the entry of final judgment in accordance with OCGA § 9-11-54 (b). However, Silver Comet argues that the order appealed from was substantively a grant of summary judgment. Specifically, Silver Comet contends that it presented factual matters (admissions by the Authority's CEO) that were separate from the filings in federal court on which the Authority relied.

In finding that the prior-action-pending doctrine[3] barred Silver Comet's cross-claim, the superior court found that "Silver Comet did not seek affirmative relief against the Authority in this case until the Cross Claim was filed . . . approximately eight months *after* Silver Comet filed [a federal complaint against the Authority] and

---

[2] (Citations and punctuation omitted.) *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989).

[3] See generally OCGA §§ 9-2-5; 9-2-44; *DOCO Credit Union v. Chambers*, 330 Ga. App. 633, 636 (1) (768 SE2d 808) (2015).

sought recovery of the bond payments from the Authority there."[4] In its detailed order, the trial court laid out the "[f]actual background based on the pleadings[.]" Further, in taking judicial notice of several filings in the federal action, the trial court specifically noted that it could do so at the motion-to-dismiss stage without converting the motion into a motion for summary judgment because the documents were publicly available.

> On an appeal of a trial court's order that dismisses a cause of action for failure to state a claim upon which relief can be granted, the reviewing court must determine whether either party has presented matters outside the pleading to the trial court, and if so whether the trial court excluded or considered such matters. Therefore, if matters outside the pleadings were presented to the trial court, *which then considered these matters as it resolved the case*, then a reviewing court is required to treat the resulting trial court's order as a ruling on a motion for summary judgment.[5]

---

[4] See generally *Avery*, 343 Ga. App. at 832-838 (detailing the underlying controversy); see also *RTA Strategy, LLC v. Silver Comet Terminal Partners, LLC*, 347 Ga. App. 266, 266-269 (817 SE2d 720) (2018) (providing further background).

[5] (Citations and punctuation omitted; emphasis supplied.) *Johnson v. RLI Ins. Co.*, 288 Ga. 309, 310 (704 SE2d 173) (2010).

Because the trial court's order did not address matters outside the pleadings,[6] and specifically the admissions by the Authority's CEO submitted by Silver Comet, the order granting the Authority's motion to dismiss the cross-claim was appealable only through the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). Silver Comet's failure to follow the interlocutory appeal procedure deprives us of jurisdiction over this direct appeal.

Accordingly, the Authority's motion to dismiss is hereby granted, and this appeal is dismissed for lack of jurisdiction.

*Appeal dismissed. Miller, P, J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

[6] Silver Comet does not argue that the trial court's consideration of the federal filings converted the motion into one for summary judgment. See *Najarian Capital, LLC v. Clark*, 357 Ga. App. 685, 691 (2) (849 SE2d 262) (2020) ("Whether requested by a party or not, a trial court may take judicial notice of a fact which is not subject to reasonable dispute, in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (citation and punctuation omitted).