**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 24, 2024**

# In the Court of Appeals of Georgia

A24A0884. MADDEN v. NEW ZION BAPTIST CHURCH OF ATLANTA, INC. et al.

DOYLE, Presiding Judge.

In this property dispute, New Zion Baptist Church of Atlanta, Inc., and Robert Paul Hollman (collectively "New Zion") sued Donald R. Madden seeking a statutory partition of commonly owned real property and asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and attorney fees. Madden appeals from an order granting New Zion's motion to strike his answer and to dismiss his counterclaim. Madden argues that the trial court erred because it prematurely ruled on the merits at a status hearing that was not noticed as a motions hearing. We agree and vacate the judgment of the trial court.

The material record is not in dispute. New Zion and Madden each allege an ownership interest in certain real property, and a dispute arose regarding their rights. The present action began in June 2023, when New Zion filed a verified complaint against Madden asserting claims for statutory partition of commonly owned property, breach of contract, and breach of duty of good faith and fair dealing; and seeking monetary damages and attorney fees. Attached to the complaint were eight exhibits: a February 2022 settlement agreement purporting to resolve the ongoing property dispute[1] (Exhibit A); a 2018 quitclaim deed (Exhibit B); a 2022 corrective quitclaim deed (Exhibit C); a December 2022 email outlining a dispute over an outstanding payment allegedly due from Madden to New Zion (Exhibit D); a title insurance policy (Exhibit F); and correspondence by counsel (Exhibits E, G, and H).

More than a month later, in July 2023, the trial court ordered New Zion to perfect service, which it did by filing a return of service, and on August 24, 2023, Madden filed an unverified answer asserting several affirmative defenses, denying many of the substantive allegations in New Zion's complaint, and asserting a counterclaim for a Racketeer Influenced and Corrupt Organizations ("RICO")

---

[1] The settlement referenced a 2020 civil action filed by Madden against New Zion regarding their rights to the property.

violation. On September 21, 2023, New Zion moved to strike Madden's answer because it was unverified and moved to dismiss Madden's RICO counterclaim, punitive damages claim, and jury trial demand in light of the settlement agreement. Attached to the motion were the settlement agreement (which also had been attached to the complaint) and an underlying quiet title action filed by Madden against New Zion in February 2021, which itself had attached as exhibits certain checks and tax records reflecting payment Madden allegedly made regarding tax liens on the property. The 2021 quiet title action was listed as a related case in the case initiation form in this action, but the quiet title complaint and exhibits had not been made a part of the present action.

Four days later, on September 25, 2023, the trial court entered a "Notice Setting Case on Calendar," stating that the case was set for a "Civil Status Hearing" on October 30, 2023. On October 30, a hearing was held, and later that day at 2:05 p.m., the trial court entered an order granting New Zion's motion to strike Madden's answer in its entirety, and granting New Zion's motion to dismiss Madden's RICO counterclaim. The trial court ruled that Madden had failed to respond to either

motion within the 30-day deadline. The next day, Madden filed a notice of appeal, giving rise to this appeal.

1. First, we address New Zion's argument that we lack jurisdiction because Madden failed to follow the discretionary appeal procedure applicable to an interlocutory appeal. New Zion correctly notes that an order granting a motion to dismiss that does not dispose of all claims is an interlocutory order subject to the appeal procedure in OCGA § 5-6-34 (b).[2] And New Zion asserts that because its partition claim is still pending, the order Madden now appeals is interlocutory. But the order, at least in part, granted New Zion's motion to dismiss, and in doing so, the trial court necessarily considered the attachments to New Zion's motion to dismiss that were not already part of the pleadings.[3] Specifically, despite New Zion's argument otherwise, the 2021 quiet title complaint brought by Madden was a separate exhibit relied on by New Zion in its motion to dismiss, as well as the attachments to the quiet title complaint, which were not included with the complaint in the present action.

---

[2] See generally *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (affirming a trial court's dismissal of an appeal from an order dismissing claims against some but not all defendants).

[3] The trial court's order states that it considered "the full record of all pleadings on file" in granting the motion to strike and motion to dismiss.

Therefore, these documents fell outside of the pleadings in this case, and the trial court's consideration of them converted its ruling to a grant of summary judgment.[4] "[T]he appealability of an order is determined, not by its form or the name given to it by the trial court, but rather by its substance and effect."[5] The grant of summary judgment, even if partial, is directly appealable pursuant to OCGA § 9-11-56 (h).[6]

---

[4] See OCGA § 9-11-12 (c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56."); *Hines Interests Ltd. Partnership v. Wright*, 369 Ga. App. 174, 177 (892 SE2d 808) (2023) ("Although the trial court's order here indicates that it is ruling on the respective motions to dismiss, it clearly considered all matters of record before denying the motions. In light of the foregoing principles, we treat the trial court's order in this case as one denying summary judgment.").

[5] (Citations and punctuation omitted.) *Johnson v. RLI Ins. Co.*, 288 Ga. 309, 310 (704 SE2d 173) (2010).

[6] See id. OCGA § 9-11-56 (h) provides, in relevant part: "An order granting summary judgment on any issue or as to any party shall be subject to review by appeal." See also *City of Demorest v. Town of Mt. Airy*, 282 Ga. 653, 654 n. 1 (653 SE2d 43) (2007); *Mercy Housing Ga. III, L.P. v. Kaapa*, 368 Ga. App. 270, 273, n. 3 (888 SE2d 346) (2023).

2. Turning to the substance of the appeal, Madden argues that the trial court erred by hearing and granting New Zion's motion to strike and motion to dismiss at a hearing noticed as a "Civil Status Hearing." We agree.

"A fundamental requirement of due process in any proceeding which is to be accorded finality is notice that is reasonably calculated to inform interested parties of an impending hearing and afford them an opportunity to present their objections[,]"[7] evidence, and argument.

Here, with respect to what was, in effect, a motion for summary judgment,

[a]lthough the trial court may convert a motion to dismiss to a motion for summary judgment . . . , where this is done there must be compliance with OCGA § 9-11-56 requiring 30 days notice and an opportunity for a hearing. A respondent to a motion to dismiss is entitled to notice of conversion of the motion into one for summary judgment and to thirty days to respond to the motion for summary judgment unless such notice and opportunity are waived.[8]

---

[7] (Punctuation omitted.) *Threatt v. Threatt*, 360 Ga. App. 223, 224 (860 SE2d 883) (2021).

[8] (Citations and punctuation omitted.) *Bonner v. Fox*, 204 Ga. App. 666, 667 (420 SE2d 312) (1992).

Here, the record does not reflect any such waiver; rather, Madden immediately filed this appeal with respect to the order that converted the motion for judgment on the pleadings into a motion for summary judgment.

"The trial court had the burden of informing [Madden] that it would consider matters outside the pleadings and that, as the consequence, [he] would have no less than 30 days within which to submit [his] own evidence in response to [the] motion for summary judgment."[9] Further, the mere fact that Madden had not yet responded to New Zion's motion was not a basis to grant the motion. "[T]here is no such thing as a default summary judgment, [so] a party's failure to respond to a motion for summary judgment does not automatically entitle the movant to judgment in his favor" if the summary judgment standard is not met.[10] Therefore, Madden was entitled to notice regarding the nature of the hearing (a summary judgment motion), and the trial court erred by granting New Zion's motion to dismiss/motion for

---

[9] (Punctuation omitted.) *Roney v. Wright*, 362 Ga. App. 714, 716 (870 SE2d 64) (2022).

[10] (Punctuation omitted.) *Friendship Enterprises, Inc. v. Hasty*, 368 Ga. App. 7, 14 (7) (889 SE2d 137) (2023).

summary judgment at the status hearing. We vacate the judgment granting the motion to dismiss/for summary judgment.[11]

3. Similarly, with respect to the motion to strike Madden's answer for failure to verify his answer, such a defect is an amendable defect. New Zion's motion to strike had been filed 39 days before the trial court granted it at the status hearing based on Madden's failure to respond by that time. As a general matter, it is true that, absent an extension by the trial court, Madden was required to respond to the motion within 30 days.[12] But

---

[11] Compare *Atlanta Pub. Schools v. Diamond*, 261 Ga. App. 641, 645 (3) (583 SE2d 500) (2003) (noting that the absence of a transcript precluded the court from determining whether the appellant acquiesced in the conversion of a preliminary injunction hearing into a summary judgment hearing and affirming based on the presumption of regularity). Here, the presumption of regularity does not require that we affirm because the error (lack of notice) appears in the record and the trial court explicitly stated its rationale: Madden's failure to timely respond, as opposed to a presumed acquiescence. See *Gilchrist v. Gilchrist*, 287 Ga. App. 133, 134 (1) (650 SE2d 795) (2007) (acknowledging that there is a presumption in favor of the regularity of trial court proceedings but holding that it may be overcome by an error shown in the record), citing *Barnett v. Freeman*, 157 Ga. App. 760, 761 (2) (278 SE2d 694) (1981) (presumption of regularity overcome by portion of transcript making "an affirmative showing contrary to that presumption").

[12] See Uniform Superior Court Rule 6.2 ("Unless otherwise ordered by the judge or as provided by law, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion.").

OCGA § 9-11-15 (a) provides in part that "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a) is to be liberally construed in favor of the allowance of amendments, particularly when the party opposing the amendment is not prejudiced thereby. Furthermore, consistent with this liberal policy regarding amendment of pleadings, we have held that the failure of a pleading to be signed by an attorney or a party or to be verified where required constitutes a defect which does not render the pleading null and void but which may be cured by amendment.[13]

Here, in light of the early stage of the proceeding, the lack of notice to Madden regarding the nature of the status hearing, the permissibility of filing an amended answer meeting the verification requirement before a pretrial order, and the undisputed lack of harm to New Zion, the trial court abused its discretion by striking Madden's answer without notice nine days after he was due to respond to New Zion's motion to strike. Accordingly, we vacate the trial court's judgment striking Madden's answer.

*Judgment vacated. Hodges and Watkins, JJ., concur.*

---

[13] (Citations and punctuation omitted.) *Edenfield & Cox, P.C. v. Mack*, 282 Ga. App. 816, 817-818 (640 SE2d 343) (2006).